UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/3/19

---

SILVER BETTY, INC.,

                Plaintiff,

v.

TECHNOLOGY TRAINING SYSTEMS, INC. *doing business as* ANTONELLI COLLEGE,

                Defendant.

No. 18-CV-4029 (RA)

MEMORANDUM OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Silver Betty, Inc. commenced this action against Technology Training Systems Inc., otherwise known as Antonelli College, asserting claims for breach of contract and unjust enrichment. The claims arise from Defendant's alleged failure to pay fees owed to Plaintiff for advertising services rendered pursuant to a written agreement between the parties ("the Agreement"). On August 13, 2018, the Court so-ordered the parties' stipulation to a stay of this action in favor of arbitration, in accordance with the Agreement's arbitration provision. On April 11, 2019, the parties informed the Court that an arbitration award had been entered on consent. Now before the Court is Plaintiff's motion to confirm the award, filed on April 24, 2019, which Defendant has not opposed. For the following reasons, Plaintiff's motion is granted.

## LEGAL STANDARD

"[A]rbitration awards are not self-enforcing"; instead, "they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (alterations omitted). Under the Federal Arbitration Act, any party to an arbitration proceeding may apply for a judicial decree confirming the award, which a court must grant unless

the award is vacated, modified, or corrected. 9 U.S.C. § 9. In most cases, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair*, 462 F.3d at 110.

"[A] district court should treat an unanswered . . . petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." *Id*; *see also Trs. for the Mason Tenders Dist. Council Welfare Fund v. TNS Mgmt. Servs., Inc.*, No. 16-CV-1120 (AJN), 2016 WL 6208559, at *2 (S.D.N.Y. Oct. 20, 2016). Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, even "where the non-moving party 'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'" *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)).

## DISCUSSION

Summary judgment is appropriate here because Plaintiff has demonstrated that there is no material issue of fact in dispute.

The arbitration award, issued by Mark J. Bunim of the American Arbitration Association, makes clear that it was entered upon the consent of Defendant. *See* Barret Aff. Ex. 6 (Dkt. 38-7). Specifically, the award explains that, during a telephone conference held by the arbitrator in January 2019, Defendant consented, in lieu of a scheduled arbitration hearing, to the entry of an award in favor of Plaintiff as follows: $116,119.55 for the balance due under the Agreement; $10,450.50 for one year of interest at 9%; and $1,925 for the "non-fundable costs of the

[a]rbitration," for a total of $128,494.95. *See id.* at 2. The award also found that, although the parties had agreed that they would each pay half of the arbitrator's fees, Defendant had failed to do so. The arbitrator, accordingly, awarded Plaintiff the entire arbitrator's fee that was charged of $2,612.50. The total award was thus $131,107.45.

Plaintiff's affirmation further supports the conclusion that the arbitration award was appropriate and that the arbitrator acted within the scope of his authority. There is no genuine dispute that Defendant consented to paying the award—with the exception of the full amount of the arbitrator's fee of $2,612.50. And the award provides at least a barely colorable justification for requiring Defendant to pay the full arbitrator's fee, as the arbitrator based that decision on Defendant's failure to pay the fee amount agreed upon, even after several requests for payment were made. In light of Defendant's failure to oppose the instant motion, the Court has no reason to question the propriety or accuracy of the award. The award is, therefore, confirmed. *See Trustees for the Mason Tenders Dist. Council Welfare Fund v. TNS Mgmt. Servs., Inc.*, No. 16-CV-1120 (AJN), 2016 WL 6208559, at *3 (S.D.N.Y. Oct. 20, 2016) (granting unopposed motion to confirm arbitration award where the award established that it was entered upon the parties' consent).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to confirm the arbitration award of $131,107.45 is GRANTED. The Clerk of Court is directed to enter judgment in the amount of $131,107.45 plus (1) pre-judgment interest from March 13, 2019 through the date of judgment in this action; and (2) post-judgment interest at the statutory rate. The Clerk of Court is further directed to close this case. SO ORDERED.

Dated: July 3, 2019
       New York, New York

Ronnie Abrams, United States District Judge